STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

**July 15, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**GREG ZANELOTTI,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1190** (BOR Appeal No. 2045417)
                  (Claim No. 2010107111)

**MARCH WESTIN COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Greg Zanelotti, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. March Westin Company, by Lynn Photiadis, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 20, 2011, in which the Board affirmed a December 20, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 16, 2010, decisions denying the addition of cervical sprain as a compensable condition, and denying a request for a cervical MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Zanelotti was working for March Westin Company when he injured his right shoulder on September 15, 2009. The claim was held compensable for a right shoulder sprain on September 28, 2009. On December 7, 2009, Mr. Zanelotti reported cervical pain to his treating physician, Dr. Darmelio. On August 16, 2010, the claims administrator denied a request to add cervical sprain a compensable condition in the claim, and denied a request for a cervical MRI.

The Office of Judges affirmed the claims administrator's Orders, and held that the cervical condition is unrelated to the compensable injury, and the cervical MRI is not medically related and reasonably required medical treatment of the compensable shoulder sprain. The Board of Review affirmed the Office of Judges' Order. On appeal, Mr. Zanelotti disagrees and asserts that his description of the mechanics of the injury demonstrates that instead of injuring his right shoulder on September 15, 2009, he instead injured his cervical spine. March Westin Company maintains that Mr. Zanelotti's current cervical condition is not the result of the work-related incident, noting that there were no cervical complaints until several months following the compensable injury.

In affirming the denial of the additional compensable component and medical benefits, the Office of Judges noted a lack of evidence linking the compensable shoulder sprain to Mr. Zanelotti's cervical condition. We disagree. On December 22, 2009, Dr. Darmelio found that Mr. Zanelotti had pulling in the cervical spine, and as the diagnostic testing for the shoulder had been negative, Dr. Darmelio found that the original injury on September 15, 2009, actually injured Mr. Zanelotti's cervical spine. Further, Dr. Miele, on March 15, 2010, found that Mr. Zanelotti had complaints with his cervical spine which began on September 15, 2009. The evidence of record demonstrates that Mr. Zanelotti suffered a shoulder sprain and cervical sprain on September 15, 2009, while at work. We further find that the requested cervical MRI is medically related and reasonably required medical treatment for the cervical sprain.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim remanded with instructions to add cervical strain as a compensable component in the claim, and grant authorization for a cervical MRI.

Reversed and Remanded.

**ISSUED: July 15, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II